UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEITH MELILLO, | Case No. 21-CV-2707 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| CITY AND COUNTY OF RICE; COUNTY AND CITY OF FARIBAULY, Minnesota; MARGARET MEE CUNNIFF a/k/a Margaret Melillo; ADAM E. JOHNSON, Assistant Rice County Attorney; and MARK G. HLADY, Rice County Sheriff's Office, | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Keith Melillo's pro se complaint, his application to proceed in forma pauperis ("IFP"), his motion for service of process, and his motion for a jury trial. Melillo alleges that his ex-wife and law-enforcement officers falsified a claim against him concerning an alleged assault. Complaint at 4. The Court reviewed the contents of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal if a complaint fails to state a claim or is frivolous. Melillo has failed to state a claim that relies on federal law, and the Court will decline to exercise supplemental jurisdiction over any remaining claims.

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

A plaintiff is required to establish a basis for jurisdiction on the face of the complaint. *See, e.g., Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005). A plaintiff can either establish federal-question jurisdiction by relying on federal

law to state a claim, 28 U.S.C. § 1331, or a plaintiff can establish diversity jurisdiction by raising a claim against an out-of-state defendant that demands more than $75,000, i*d.* § 1332.  A plaintiff cannot establish federal-question jurisdiction if the asserted basis of federal jurisdiction is patently meritless.  *See Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

Melillo's factual allegations are difficult to follow.  He alleges that he encountered his ex-wife (Defendant Margaret Melillo a/k/a Cunniff) cheating on him via video chat, that he told her to leave, and that he later learned that she had been in contact with law enforcement concerning his alleged actions.  Complaint at 4.  Melillo claims that a law-enforcement official convinced his ex-wife to falsely report him for hitting her.  *Id.*  Melillo alleges that this conduct violated 18 U.S.C. § 242 and § 1001.  *Id.* at 5–8.  He also alleges violations of Minn. Stat. §§ 609.175 and 609.48.  *Id.* at 5, 7.  Melillo claims that the Court has jurisdiction based on a federal question and diversity of citizenship of the parties.  Complaint at 3.

The Court first reviewed Melillo's claims that explicitly rely upon federal law, because those are the claims that give rise to federal-question jurisdiction.  He cites 18 U.S.C. §§ 242 and 1001.  Section 242 makes it a crime to willfully subject another person to a deprivation of rights, privileges, or immunities based on a number of characteristics, including race.  Section 1001 makes it a crime to knowingly or willfully

provide false or fraudulent statements.  Although Melillo alleges that the defendants acted in a fraudulent manner towards him based on his race, he cannot maintain a claim premised on either of the statutes he cites because a private individual may not initiate criminal charges of his or her own accord.  *See Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (a private citizen does not have authority to initiate a criminal proceeding, or to seek to have a criminal proceeding opened against another person or entity) (citing *Jones v. Clinton*, 206 F.3d 811, 812 (8th Cir. 2000)); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or nonprosecution of another); *Alexander v. Sandoval*, 532 U.S. 275, 286 ("[P]rivate rights of action to enforce federal law must be created by Congress.").  As a private citizen, Melillo has failed to state a claim by citation to §§ 242 and 1001, so these claims will be dismissed.

Plaintiff's remaining legal allegations rely on Minnesota statutes.  Melillo cites Minn. Stat. §§ 268.182, 609.48, 609.175.  Complaint at 4–5.  It would be an exercise of the Court's supplemental jurisdiction to consider the claims.  *See* 28 U.S.C. § 1367.  Section 1367(c)(3) specifically provides that district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."  *Id.* § 1367(c).  Here, the Court will decline to

exercise its supplemental jurisdiction because the only claims over which it had original jurisdiction, the claims that relied on federal law, were already dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff Melillo's Complaint [ECF No. 1] be DISMISSED WITHOUT PREJUDICE for failure to state a claim and lack of jurisdiction;

2. Plaintiff Melillo's Application to Proceed in Forma Pauperis [ECF No. 2] be DENIED;

3. Plaintiff Melillo's Motion for Service of Process [ECF No. 3] be DENIED;

4. Plaintiff Melillo's Motion for Jury Trial [ECF No. 5] be DENIED; and

5. The Clerk's Office is hereby directed to close this case.

Dated: March 15, 2022         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge